UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PELICAN WATCH
CONDOMINIUM ASSOCIATION,
INC.,

     Plaintiff,

v.                                  Case No.:  2:24-cv-506-SPC-KCD

SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST,

     Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff Pelican Watch Condominium Association, Inc.'s Motion to Compel Appraisal. (Doc. 18.)[1] Defendant Selective Insurance Company of the Southeast has responded (Doc. 20), making this matter ripe. For the reasons below, the motion is denied.

This lawsuit stems from Hurricane Ian. Following the storm, Pelican Watch submitted an insurance claim to Selective Insurance, which had issued Pelican Watch a flood policy. Selective Insurance paid several million dollars on the claim, but the parties could not agree on the rest. Pelican Watch thus sues for breach of contract and, as relevant here, is demanding appraisal. (*See*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Doc. 18.) Appraisal is required, Pelican Watch says, because all that remains "is a disagreement regarding the amount of the loss." (*Id.* at 8.)

Pelican Watch is correct that under Florida law "when the insurer admits that there is a covered loss, any dispute on the amount of loss suffered is appropriate for appraisal." (*Id.*) But this case does not involve a typical insurance policy. Instead, it concerns a flood policy issued under the National Flood Insurance Program ("NFIP"). (*See* Doc. 1 ¶ 2.) That distinction makes a difference because federal law governs disputes about the construction of NFIP insurance policies. *See Newton v. Cap. Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). And under federal law, the right to appraisal is more limited. *See, e.g.*, *Elias v. Am. Sec. Ins. Co.*, No. 20-21559, 2020 WL 6385520, at *3 (S.D. Fla. July 8, 2020).

The appraisal provision here states: "If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss." (Doc. 24 at 7.) Under this language,

> [t]he appraisal clause can only be invoked when the parties cannot agree as to the actual cash value, or, as defined by the policy, the parties cannot agree as to the replacement cost of an insured item of property. This language cannot be stretched to mean that appraisal can be invoked whenever the parties dispute which items of property were damaged or whether those items were in fact damaged by flood waters.

*Flaharty v. Allstate Ins. Co.*, No. 309-CV-499-RV-EMT, 2010 WL 148226, at *2-3 (N.D. Fla. Jan. 11, 2010). In other words, the appraisal provision in a federally

2

regulated flood insurance policy, like here, can be invoked only when the parties dispute the valuation of a loss, and it cannot be invoked when there is a dispute about what was damaged. *See, e.g.*, *Athanas Holdings, LLC v. Nationwide Mut. Fire Ins. Co.*, No. 12-62117-CIV, 2013 WL 12092061, at *1 (S.D. Fla. Feb. 22, 2013) ("Disputes over whether certain items were damaged or not, however, cannot be resolved by appraisal.").

Pelican Watch admits that there remains a "dispute over the amount *and scope* of the . . . Flood damage." (Doc. 18 ¶ 10 (emphasis added).) This is also evident from the spreadsheet Pelican Watch filed, which shows Selective Insurance is challenging whether certain items are damaged or covered. (*See* Doc. 18-4.) Given the scope of the claim (*i.e.*, what was damaged) remains at issue, "neither party may invoke the appraisal clause at this time." *Arroyave v. First Cmty. Ins. Co.*, No. 2:23-CV-1064-JLB-NPM, 2024 WL 493451, at *2 (M.D. Fla. Jan. 29, 2024); *see also De La Cruz v. Bankers Ins. Co.*, 237 F. Supp. 2d 1370, 1376 (S.D. Fla. 2002).

Accordingly, Pelican Watch's motion to compel appraisal (Doc. 18) is **DENIED**. The Hurricane Ian Scheduling Order's automatic toll of the deadlines is lifted.

**ORDERED** in Fort Myers, Florida on August 14, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record